1  LAW OFFICES OF DALE K. GALIPO
      Dale K. Galipo, Esq. (Bar No. 144074)
2    dalekgalipo@yahoo.com
     21800 Burbank Boulevard, Suite 310
3    Woodland Hills, California  91367
     Telephone:   (818) 347-3333
4    Facsimile:    (818) 347-4118

5  Attorneys for Plaintiff

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11

12  SERGE LAPOINTE, an individual,        Case No.   CV10 - 02728 ODW (RZx)

13              Plaintiff,                 **COMPLAINT FOR DAMAGES**

14       vs.                              1. Unreasonable Search and Seizure
                                             and Due Process—Excessive Force
15                                           and Denial of Medical Care (42
    COUNTY OF LOS ANGELES and               U.S.C. § 1983)
16  DOES 1-10, inclusive,                 2. Violation the Fourteenth
                                             Amendment of the United States
17                                           Constitution—Equal Protection (42
                                             U.S.C. § 1983).
18              Defendants.               3. Municipal Liability for
                                             Unconstitutional Custom, Practice,
19                                           or Policy (42 U.S.C. § 1983)
                                          4. Battery
20                                        5. Negligence
                                          6. Intentional Infliction of Emotional
21                                           Distress

22                                        **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

1   Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded

2   on 28 U.S.C. §§ 1331, 1343, and 1367.

3       12.   Venue is proper in this Court under 28 U.S.C. § 1391(b), because

4   Defendants reside in, and all incidents, events, and occurrences giving rise to this

5   action occurred in, the County of Los Angeles, California.

6

7   **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

8       13.   PLAINTIFF repeats and realleges each and every allegation in

9   paragraphs 1 through 12 of this Complaint with the same force and effect as if fully

10  set forth herein.

11      14.   On or about February 16, 2009, PLAINTIFF, who was in custody at

12  Twin Towers Correctional Facility, was beaten without legal justification by DOE

13  OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS.

14      15.   Prior to being beaten, one of the DOE OFFICERS and/or CUSTODY

15  SPECIALISTS, and/or CUSTODY ASSISTANTS said to PLAINTIFF, "I hate

16  French people."

17      16.   DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or

18  CUSTODY ASSISTANTS then took PLAINTIFF to a dark room and violently

19  assaulted him with no legal justification.

20      17.   DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or

21  CUSTODY ASSISTANTS threw PLAINTIFF into a dark room, beat him on top of

22  his head and in his ribs with their fists and with flashlights, picked him up and

23  dropped him repeatedly to the floor, broke his glasses and threw them out of his

24  reach, slapped him in his ears with the flip flops issued to him by the facility, and

25  then threw him into a holding cell.

26      18.   PLAINTIFF was handcuffed at the time of the assault.

27

28

1       19.    PLAINTIFF experienced severe pain and suffering, fractured ribs, and

2  bruising all over his body as a result of this assault.  PLAINTIFF also suffered

3  humiliation, fear and degradation.

4       20.    On information and belief, at the time of the assault, a reasonable

5  officer in the position of DOE OFFICERS and/or CUSTODY SPECIALISTS,

6  and/or CUSTODY ASSISTANTS would not believe that PLAINTIFF posed an

7  imminent threat to anyone's safety or that he was attempting to flee.

8       21.    On information and belief, DOE OFFICERS and/or CUSTODY

9  SPECIALISTS, and/or CUSTODY ASSISTANTS, although having actual and

10  constructive notice and knowledge of PLAINTIFF's serious medical conditions,

11  disregarded his medical needs.  As a direct result of Defendants' failure to obtain

12  appropriate medical care for PLAINTIFF, PLAINTIFF experienced severe pain and

13  suffering.

14       22.    On information and belief, DOE OFFICERS and/or CUSTODY

15  SPECIALISTS, and/or CUSTODY ASSISTANTS intentionally concealed or

16  tampered with evidence, and intimidated witnesses, to cover-up the unreasonable

17  use of force against PLAINTIFF.

18

19

20

21

22

23

24

25

26

27

28

# FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure and Due Process—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)

(Against Defendants DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS)

23. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24. DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS's unreasonable use of force against PLAINTIFF deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment, and further deprived PLAINTIFF of due process as guaranteed to the him under the Fourteenth Amendment to the United States Constitution.

25. Defendants DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS knew that failure to treat PLAINTIFF's medical condition could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm.

26. Defendants' actions thus deprived PLAINTIFF of his right to be free from unreasonable seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

27. The conduct of DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS was malicious, oppressive and in reckless disregard for the rights and safety of PLAINTIFF, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS.

**SECOND CLAIM FOR RELIEF**

**Violation of 42 U.S.C. § 1983 for Violation of the Fourteenth Amendment of United States Constitution—Equal Protection**

(Against Defendants DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS)

28.     PLAINTIFF hereby incorporates by reference paragraphs 1 through 27 herein, as if set forth in full.

29.     Defendant DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS's actions were motivated by ethnic or national origin animus and discrimination and this also violated PLAINTIFF's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States.

30.     Defendant DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS's actions were committed with deliberate indifference to PLAINTIFF's constitutional rights and were a direct and legal cause of the deprivation of PLAINTIFF's constitutionally protected right under the Fourteenth Amendment to be free from discrimination on the basis of ethnicity or national origin.

31.     PLAINTIFF is informed and believes and thereon alleges that these acts of Defendant DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

32.     As a direct and legal result of the acts and omissions of DEFENDANT, PLAINTIFF has suffered great bodily injury, pain and suffering, humiliation, fear and degradation.

## **THIRD CLAIM FOR RELIEF**

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants COUNTY and DOE SUPERVISORS)

33.     PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34.     On and for some time prior to February 16, 2009 (and continuing to the present date) Defendants COUNTY and DOE SUPERVISORS, deprived PLAINTIFF, of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFF, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized COUNTY custom, policy, and practice of:

        (a)    Employing and retaining as police officers and other personnel, including DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS, who Defendants COUNTY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force and denying medical care, and for mistreating citizens by failing to follow written COUNTY Sheriff's Department and county detention policies;

        (b)    Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY Police Officers, and other COUNTY personnel, including DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS, who

1                          Defendants COUNTY and DOE SUPERVISORS each knew or

2                          in the exercise of reasonable care should have known had the

3                          aforementioned propensities and character traits;

4        (c)    By maintaining grossly inadequate procedures for reporting,

5                          supervising, investigating, reviewing, disciplining and

6                          controlling the intentional misconduct by Defendants DOE

7                          OFFICERS and/or CUSTODY SPECIALISTS, and/or

8                          CUSTODY ASSISTANTS, who are COUNTY employees;

9        (d)    By failing to adequately train officers, including Defendants

10                        DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or

11                        CUSTODY ASSISTANTS, and failing to institute appropriate

12                        policies, regarding constitutional procedures and practices for

13                        use of force; and

14        (d)    By having and maintaining an unconstitutional custom and

15                        practice of detaining and arresting individuals without probable

16                        cause or reasonable suspicion, using excessive force, including

17                        deadly force, failing to obtain medical care, depriving persons of

18                        life, liberty, and property so as to shock the conscience,

19                        conspiring to violate civil rights, and conspiring to cover-up civil

20                        rights violations, which is also demonstrated by inadequate

21                        training regarding these subjects.  The customs and practices of

22                        COUNTY and DOE SUPERVISORS were done with a

23                        deliberate indifference to individuals' safety and rights.

24     35.    By reason of the aforementioned policies and practices of Defendants

25 COUNTY and DOE SUPERVISORS, PLAINTIFF was severely injured and

26 subjected to pain and suffering.  PLAINTIFF also suffered humiliation, fear and

27 degradation.

28

36.     Defendants COUNTY and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situated.

37.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY and DOE SUPERVISORS acted with an intentional, reckless, and callous disregard toward PLAINTIFF, and of the constitutional as well as human rights of PLAINTIFF. Defendants COUNTY and DOE SUPERVISORS and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

38.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants COUNTY and DOE SUPERVISORS were affirmatively linked to and were a significantly influential force behind the injuries of PLAINTIFF.

39.     Accordingly, Defendants COUNTY and DOE SUPERVISORS each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

COMPLAINT FOR DAMAGES

**FOUTH CLAIM FOR RELIEF**

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Against DOE OFFICERS and COUNTY)

40.     PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41.     DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS, while working as Sherriff's Deputies for the COUNTY Sherriff's Department and employees of Twin Towers Detention Facility, and acting within the course and scope of their duties, intentionally assaulted PLAINTIFF.  As a result, PLAINTIFF suffered serious injuries.  DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS had no legal justification for their actions, and said defendants' use of force against PLAINTIFF while carrying out their duties as deputy sheriffs and as COUNTY employees was an unreasonable use of force.

42.     As a direct and proximate result of Defendants' conduct as alleged above, PLAINTIFF was caused to suffer severe pain and suffering.  PLAINTIFF also suffered humiliation, fear and degradation.

43.     COUNTY is vicariously liable for DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS's wrongful acts pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

44.     DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS's conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling Plaintiff to an award of exemplary and punitive damages.

## FIFTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

(Against All Defendants)

45.     PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46.     The actions of DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS and DOE SUPERVISORS toward PLAINTIFF were negligent and reckless, including but not limited to:

(a)     the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against PLAINTIFF;

(b)     the failure to monitor and record any use of force by COUNTY Sheriff's Deputies and employees of Twin Towers Detention Facility, including DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS;

(c)     the failure to monitor and record any injuries specifically caused by the use of force by COUNTY Sheriff's Deputies and employees of Twin Towers Detention Facility, including DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS;

(d)     the negligent tactics and handling of the situation with PLAINTIFF;

(e)     the negligent detention, arrest, and use of force including deadly force against PLAINTIFF;

(f)     the failure to properly train and supervise employees, both profession and non-professional, including DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS;

1   (g) the failure to ensure that adequate numbers of employees with

2     appropriate education and training were available to meet the

3     needs of and protect the rights of PLAINTIFF;

4   (h) the failure to provide prompt medical care to PLAINTIFF; and

5   (i) the negligent handling of evidence and witnesses.

6  47. As a direct and proximate result of defendants' conduct as alleged

7 above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer

8 severe pain and suffering.

9  48. The COUNTY is vicariously liable for the wrongful acts of DOE

10 OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS

11 and DOE SUPERVISORS pursuant to section 815.2 of the California Government

12 Code, which provides that a public entity is liable for the injuries caused by its

13 employees within the scope of the employment if the employee's act would subject

14 him or her to liability.

15  49. The conduct DOE OFFICERS and/or CUSTODY SPECIALISTS,

16 and/or CUSTODY ASSISTANTS and DOE SUPERVISORS was malicious,

17 wanton, oppressive, and accomplished with a conscious disregard for the rights of

18 PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages.

19

20      **<u>SIXTH CLAIM FOR RELIEF</u>**

21  **Intentional Infliction of Emotional Distress (Cal. Govt. Code § 820 and**

22       **California Common Law)**

23  (Against Defendants DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or

24     CUSTODY ASSISTANTS and COUNTY)

25  50. PLAINTIFF repeats and realleges each and every allegation in

26 paragraphs 1 through 49 of this Complaint with the same force and effect as if fully

27 set forth herein.

28

51.     DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS, while working as Sheriff's Deputies for the COUNTY Sheriff's Department and employees of Twin Towers Detention Facility, and acting within the course and scope of their duties, engaged in conduct that was outrageous, including but not limited to:

> (a)     Using excessive force against PLAINTIFF, who was not resisting arrest, posed no safety threat, and had not committed any crime;
>
> (b)     Failing to summon medical assistance for PLAINTIFF; and
>
> (c)     Ignoring or concealing evidence of the unjustified use of force and taking steps to cover-up the wrongful conduct;

52.     DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS abused a position of authority over PLAINTIFF, and knew that their conduct would likely result in harm due to mental distress.

53.     DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS intended to cause PLAINTIFF severe emotional distress, or acted with reckless disregard of the probability that PLAINTIFF would suffer emotional distress.

54.     PLAINTIFF suffered severe emotional distress, including suffering, anguish, fright, horror, nervousness, grief, worry, shock, humiliation, and shame.

55.     The conduct of DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS was a substantial factor in causing the severe emotional distress of PLAINTIFF.

56.     COUNTY is vicariously liable for the wrongful acts of DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

57.   The conduct of DOE OFFICERS and/or CUSTODY SPECIALISTS, and/or CUSTODY ASSISTANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling Plaintiff to an award of exemplary and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants City of Los Angeles and Does 1-10, inclusive, as follows:

A.   For compensatory damages under federal and state law, in an amount to be proven at trial;

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For interest;

E.   For reasonable costs of this suit and attorneys' fees; and

F.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  April 13, 2010          LAW OFFICES OF DALE K. GALIPO

By _____
   Dale K. Galipo
   Attorneys for Plaintiff

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:  April 13, 2010                    LAW OFFICES OF DALE K. GALIPO

By

Dale K. Galipo
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV10- 2728 ODW (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| SERGE LAPOINTE, *an individual* | ) |
| ———————————————— | ) |
| *Plaintiff* | ) |
| v. | ) |
| COUNTY OF LOS ANGELES and DOES 1 through 10, inclusive, | ) |
| ———————————————— | ) |
| *Defendant* | ) |

Civil Action No.  **CV10-02728** OD~(P2x)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  COUNTY OF LOS ANGELES and DOES 1 through 10, inclusive.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Law Offices of Dale K. Galipo
Dale K. Galipo, Esq.
21800 Burbank Boulevard - Suite 310
Woodland Hills, CA 91367
Telephone (818) 347-3333 / Facsimile (818) 347-4118
EMail:  dalekgalipo@yahoo.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 4/14/2010

AMY GRAGERA

*Signature of Clerk or Deputy Clerk*

SEAL

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❐ I served the summons on *(name of individual)* _____ _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❐ I returned the summons unexecuted because _____ ; or

    ❐ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

                                              _____
                                                      *Server's signature*

                                              _____
                                                     *Printed name and title*

                                              _____
                                                     *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SERGE LAPOINTE | COUNTY OF LOS ANGELES |
| COUNTY OF LOS ANGELES | COUNTY OF LOS ANGELES |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Dale K. Galipo, Esq., Law Offices of Dale K. Galipo, 21800 Burbank Boulevard, Suite 310, Woodland Hills, CA 91367 (818) 347-3333 / dalekgalipo@yahoo.com | Unknown |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No **MONEY DEMANDED IN COMPLAINT: $** According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(1) 42 U.S.C. § 1983 Excessive Force and Denial of Medical Care; (2) 42 U.S.C. § 1983 Equal Protection; (3) 42 U.S.C. § 1983 Municipal Liability; (4) Battery; (5) Negligence

**VII. NATURE OF SUIT** (Place an X in one box only.) (6) Intentional Infliction of Emotional Distress

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | ☒ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV10-02728**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff - County of Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant - County of Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 04/14/2010

　　**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |