O
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV10-2728 ODW (RZx) | Date | 10/11/2011 |
|---|---|---|---|
| Title | *Serge LaPointe v. County of Los Angeles, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Sheila English | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

Proceedings (In Chambers):   **Order Granting Motion for Summary Judgment [23]**

Serge LaPointe ("Plaintiff"), "a 63-year old French Canadian man who speaks English with a heavy accent," claims he was subjected to excessive force during his stay at the Twin Towers Correctional Facility. (Opp'n at 1.) Specifically, Plaintiff alleges "[a]fter telling Mr. LaPointe that they hated French people, [Los Angeles County Sheriff] Deputies [Son] Bui and [Michael] Merchain punched, kicked and delivered blows to Mr. LaPointe with their flashlights while Mr. LaPointe remained handcuffed." (Id.)

The County of Los Angeles ("Defendant"), the only Defendant served in this action, now moves for summary judgment on two grounds.[1]  First, Defendant argues "Plaintiff's Section 1983 claim against the County fails because the County did not have a custom, policy, or practice that caused a Constitutional violation." (Mot at 1.)  Second, Defendant argues Plaintiff's state law claims against the County are barred by California Government Code § 844.6, which bars claims against a public entity for injury to a prisoner. (Id.)

---

[1] At this advanced stage of the litigation, all named defendants not yet served are DISMISSED without prejudice. *See* Fed. R. Civ. P. 4(m) (allowing plaintiffs 120 days from the filing of a complaint to serve all defendants, before the court "must" dismiss the action against those unserved).  Plaintiff has failed for 18 months to effectuate service, since the April 14, 2010 filing of the complaint.

O
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-2728  ODW (RZx) | Date | 10/11/2011 |
|---|---|---|---|
| Title | *Serge LaPointe v. County of Los Angeles, et al.* | | |

    After considering the papers filed in support of and in opposition to the instant motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The October 17, 2011 hearing date is accordingly VACATED.  For the reasons discussed below, Defendant's Motion is **GRANTED**.

    *Monell Liability*

    Municipalities may be held liable under Section 1983 only where the plaintiff can show (1) that he was "deprived of [his] constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which 'amount to deliberate indifference to ... constitutional rights; and (3) that these policies are the moving force behind the constitutional violations.' " *Lee v. City of Los Angeles*, 250 F.3d 668, 681-2 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1473–77 (9th Cir. 1992)).

    Plaintiff proposes to establish Monell liability by proving "either: (1) policy, practice or custom; (2) failure to train, or (3) ratification." (Opp'n at 5) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978)).  But it is that which Plaintiff fails to address that proves dispositive.  Specifically, assuming a violative policy on the part of the County, Plaintiff offers no evidence whatsoever that such a policy was the moving force behind the alleged constitutional deprivation.

    To establish causation, "Plaintiff need only demonstrate that 'the identified deficiency ... [is] closely related to the ultimate injury.' " *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1478 (9th Cir. 1992) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989)).  "Specifically, plaintiff must prove that the injury would have been avoided had [the] County instituted some affirmative procedure designed to [protect against the claimed harm]." *Id.*  Plaintiff does no such thing here.

    Indeed, the only "moving force" apparent from the record is the deputies' alleged

O
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-2728  ODW (RZx) | Date | 10/11/2011 |
|---|---|---|---|
| Title | *Serge LaPointe v. County of Los Angeles, et al.* | | |

distaste for French people. As Plaintiff alleges, it was "[a]fter telling [him] that they hated French people" that deputies Bui and Merchain "punched, kicked and delivered blows to Mr. LaPointe with their flashlights." (Opp'n at 1.) In short, Plaintiff offers no evidence suggesting that a County policy was the moving force behind his alleged constitutional injury.

*State Law Claims*

Plaintiff alleges claims for battery, negligence and intentional infliction of emotional distress in his First Amended Complaint. The Ninth Circuit has stated a preference that a district court not exercise supplemental jurisdiction over a plaintiff's state-law claims when the court has dismissed the federal claims before trial. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.1997) ( "The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.' ") (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *see also Murphy v. Kodz*, 351 F.2d 163, 168 (9th Cir. 1965). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims.

Defendant's motion for summary judgment is accordingly **GRANTED**.

**SO ORDERED**.

|  | ---- | : | 00 |
|---|---|---|---|
| Initials of Preparer | SE | | |